UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Latasha Boyd, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 7:19-376-BHH |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. On February 14, 2019, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that this case be dismissed without prejudice and without issuance and service of process. (ECF No. 11.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report. Plaintiff filed late objections on March 14, 2019, and a supplement on March 21, 2019. (ECF Nos. 14 & 15.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court must make a *de novo* determination of those portions of the Report, or specified proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject, or modify, in whole or in part, the Report or

may recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *De novo* review is also "unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In reviewing these pleadings, the Court is mindful of the plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

After a careful review of Plaintiff's "objections," it is fair to say that Plaintiff does not make any specific objections to the Report. Rather, Plaintiff's responses and attachments to the Report are rambling and nonsensical.

Out of an abundance of caution, the Court has carefully reviewed Plaintiff's objections and has made a *de novo* review of the entire Report and Recommendation and finds that the Magistrate Judge fairly and accurately summarized the facts and applied the

correct principles of law. Upon review, the Court finds Plaintiff's objections have no merit and are hereby overruled.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation (ECF No. 11). Accordingly, this action is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 26, 2019
Charleston, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.